UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **KRISTINA LAZORE et al.,** | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 1:21-cv-00239-GZS |
| | ) | |
| **JHON HARRIGAN et al. ,** | ) | |
| | ) | |
| *Defendants* | ) | |

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

*Pro se* plaintiff Kristina Lazore has filed an application to proceed *in forma pauperis* in this case.[1] *See* Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 4) ("IFP Application"). A litigant seeking leave to proceed *in forma pauperis* must "submit[] an affidavit that includes a statement of all" her assets and demonstrates that she is "unable to pay [the court's] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although a litigant need not prove that she is "absolutely destitute" to qualify for *in forma pauperis* status, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the litigant must nevertheless provide enough information for the court to conclude that her fees should be waived, *see Young v. Frey*, Docket No. 1:20-cv-00367-NT, 2020 WL 6386389, at *1 (D. Me. Oct. 30, 2020).

Lazore's IFP application fails to provide sufficient information about her assets, obligations, and expenses. *See* IFP Application at 2. Specifically, Lazore fails to list whether she has any (i) tangible or intangible assets, (ii) regular monthly expenses, (iii) dependents, or

---

[1] The complaint in this case lists Lazore and an individual named Joseph Beizeo as plaintiffs but is signed only by Lazore. *See* Complaint (ECF No. 1) at 1, 6. Because Lazore does not purport to be a licensed attorney, she may not act on Beizeo's behalf in this matter. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* . . . ." (emphasis added)); *O'Diah v. Volkswagen of Amer., Inc.*, 91 F. App'x 159, 160 (1st Cir. 2004) (holding that section 1654 bars "a non-lawyer from representing anyone but" herself).

1

(iv) debts or other financial obligations, choosing instead to use the space on her IFP application for providing such information to reiterate her claims against the defendants. *See id.* Without this information, I cannot determine whether she qualifies to proceed *in forma pauperis* and, therefore, her IFP application is **DENIED** on the showing made. The Clerk's Office is **DIRECTED** to promptly provide Lazore with another IFP application, and Lazore is **DIRECTED**, by no later than September 24, 2021, to file an amended IFP application – <u>fully completed with all questions answered</u> – or pay this court's $402 filing fee, failing which I will recommend that this case be dismissed. *See Young*, 2020 WL 6386389, at *1 (denying an IFP application where the plaintiff failed to provide sufficient financial information but providing a deadline for the plaintiff to submit an amended application or pay the court's filing fee).

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 3rd day of September, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge