UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **KRISTINA LAZORE et al.,** ) | |
| ) | |
| *Plaintiffs* ) | |
| v. ) | No. 1:21-cv-00239-GZS |
| ) | |
| **JHON HARRIGAN et al.,** ) | |
| ) | |
| *Defendants* ) | |

### RECOMMENDED DISMISSAL OF CASE

*Pro se* plaintiff Kristina Lazore filed the instant suit on August 23, 2021. *See* Complaint (ECF No. 1).[1] At that time, she also filed a motion to proceed in forma pauperis (IFP). *See* Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 4). By order dated September 3, 2021, I denied the IFP application without prejudice on the showing made, noting that Lazore had failed to provide sufficient information about her assets, obligations, and expenses. *See* Order Denying Leave to Proceed *in Forma Pauperis* (ECF No. 8). I directed the Clerk's Office to promptly provide Lazore another IFP application and ordered Lazore to either file an amended IFP application or pay this court's $402 filing fee by no later than September 24, 2021. *See id.* at 2. Lazore would have received automatic email notice of my order denying her IFP application, and a private entry on the CM/ECF docket reflects that the Clerk's Office emailed her another IFP application the same day that order entered. Lazore did not file an amended IFP application or pay the court's filing fee by September 24, 2021; nor has she done so since the deadline elapsed.

---

[1] As previously noted, the complaint in this case lists Lazore and an individual named Joseph Beizeo as plaintiffs but is signed only by Lazore. *See* Complaint at 1, 6. Because Lazore does not purport to be a licensed attorney, she may not bring an action on Beizeo's behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases *personally or by counsel* . . . ." (emphasis added)); *O'Diah v. Volkswagen of Amer., Inc.*, 91 F. App'x 159, 160 (1st Cir. 2004) (holding that section 1654 bars "a non-lawyer from representing anyone but" herself).

Lazore's failure to file a new IFP application or pay this court's filing fee by the deadline warrants the dismissal of her action.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp. 3d 118, 126 (D.D.C. 2015) ("Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order."); *United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, [a party's] pro se status does not excuse [her] from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Although dismissal is appropriate, a separate issue remains as to whether the dismissal should be with prejudice.  Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct.  *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011).  For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance."  *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted).  "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits."  *Id*.

A dismissal with prejudice is inappropriate here: Lazore is acting *pro se* and failed to obey one court order directing her to file a new IFP application or pay this court's filing fee.

Accordingly, I recommend that the case be **DISMISSED** without prejudice and that her request for a discovery hearing, ECF No. 5, be **DEEMED MOOT**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 11th day of October, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge